UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

|  |  |  |  |
|---|---|---|---|
| In re: | ) | | |
| | ) | | |
| DEBBIE LYNN RIVENBARK | ) | Case No. 10-11055-SSM | |
| | ) | Chapter 7 | |
| Debtor | ) | | |

**MEMORANDUM OPINION AND ORDER**

The chapter 7 trustee, Richard A. Bartl, has objected to the debtor's exemption of 75% of her federal and state income tax refunds under the Virginia exemption for garnished wages. A hearing was held on May 25, 2010, at which the court heard the contentions of the parties and took the matter under advisement. For the reasons stated, the court concludes that the trustee's objection is well-founded, and the exemption will be disallowed.

Background

Debbie Lynn Rivenbark ("the debtor") filed a voluntary petition on February 12, 2010, for relief under chapter 7 of the Bankruptcy Code. Among the assets listed on her schedules was her interest in a joint "Tax Refund" which she initially valued at $1.00 and claimed exempt in the same amount under the Virginia homestead exemption, § 34-4, Code of Virginia. Following the meeting of creditors, she filed amended schedules reporting a federal tax refund in the amount of $6,739 and a state income tax refund in the amount of $1,965. Of this combined amount, $2,176 was claimed exempt under the Virginia homestead exemption and $6,528 under § 34-29, Code of Virginia, which exempts 75% of disposable earnings from garnishments. The trustee promptly filed an objection to the latter exemption on the ground that "Tax refunds are

not wages." The debtor filed a response asserting that the refunds derive from $8,368 that was withheld from her pay in 2009 for federal income tax and $3,932 that was withheld for state income tax; that she and her husband filed a joint tax return for that year; and that no tax deposits were made by her self-employed husband for that year.

At the hearing, debtor's counsel offered into evidence copies of the debtor's 2009 Form W-2 Wage and Tax Statement, her and her husband's joint federal income tax return for 2009, and their 2009 Virginia income tax return. The debtor's W-2 shows taxable wages of $75,958, which is the same amount reflected as wages on Line 7 of the joint federal tax return, federal income tax withholdings of $8,368, and state income tax withholdings of $3,931.93. After adjustments for a state income tax refund and a small loss from a business venture, and after subtraction of exemptions and itemized deductions, the tentative tax liability was $3,429. Against this was credited the $8,368 withheld from the debtor's wages, a $1,000 child tax credit, and an $800 "making work pay and government retiree credit." The resulting refund came to $6,739. The Virginia return reflected a tax liability of $1,967. The only credit against the amount was the $3,932 withheld from the debtor's wages, giving rise to a refund of $1,965.

Discussion

Among the exemptions available to individual debtors who are required to take Virginia exemptions is the wage garnishment exemption provided by § 34-29, Code of Virginia (1950). In its current form, it reads in pertinent part as follows:

**§ 34-29. Maximum portion of disposable earnings subject to garnishment**.

(a) Except as provided in subsections (b) and (b1), the maximum part of the aggregate disposable earnings of an individual for any workweek which is subjected to garnishment may not exceed the lesser of the following amounts:

2

(1) Twenty-five percent of his disposable earnings for that week, or

(2) The amount by which his disposable earnings for that week exceed 40 times the federal minimum hourly wage prescribed by § 206 (a) (1) of Title 29 of the United States Code in effect at the time earnings are payable.

In the case of earnings for any pay period other than a week, the State Commissioner of Labor and Industry shall by regulation prescribe a multiple of the federal minimum hourly wage equivalent in effect to that set forth in this section.

* * *

(c) No court of the Commonwealth and no state agency or officer may make, execute, or enforce any order or process in violation of this section.  The exemptions allowed herein shall be granted to any person so entitled without further proceedings.

(d) For the purposes of this section:

(1) The term "earnings" means compensation paid or payable for personal services, whether denominated as wages, salary, commission, bonus, payments to an independent contractor, or otherwise, whether paid directly to the individual or deposited with another entity or person on behalf of and traceable to the individual, and includes periodic payments pursuant to a pension or retirement program,

(2) The term "disposable earnings" means that part of the earnings of any individual remaining after the deduction from those earnings of any amounts required by law to be withheld, and

(3) The term "garnishment" means any legal or equitable procedure through which the earnings of any individual are required to be withheld for payment of any debt.

(e) Every assignment, sale, transfer, pledge or mortgage of the wages or salary of an individual which is exempted by this section, to the extent of the exemption provided by this section, shall be void and unenforceable by any process of law.

By limiting garnishments to 25% of income (except for child and spousal support and debts for

federal and state taxes),[1] the statute effectively creates an exemption for the remaining 75%.  In

bankruptcy, the exemption is most commonly invoked to protect 75% of compensation that has

been earned but not yet paid as of the filing date of the petition, as when a debtor files in the

middle of a pay period.  This court has recognized, however, that the exemption continues to

apply to wages after they have been deposited, either by the debtor or the employer, into a bank

account.  *In re Meyer*, 211 B.R. 203 (Bankr. E.D. Va. 1997).  In *Meyer*, the court ruled that an

exemption in military retired pay was not lost simply because the funds were placed in a general

(i.e., non-segregated) account so long as they were not subsequently withdrawn and could

reasonably be traced.[2]  Indeed, the statute itself clearly so provides by defining "earnings" as

"compensation . . . whether paid directly to the individual *or deposited with another entity or

person* on behalf of *and traceable to* the individual."  Va. Code Ann. § 34-29(d)(1) (emphasis

added).   In a recent unpublished order (which seems, however, to have circulated among

trustees and the debtor's bar), this court applied a first-in, first-out tracing rule to determine the

portion of the funds in a debtor's bank account which constituted wages against which the 75%

exemption could be claimed.  *In re Kristine Ann Clark*, No. 09-14989-SSM (Bankr. E.D. Va.,

Nov. 13, 2009); *see also NCNB Fin. Servs., Inc. v. Shumate*, 829 F. Supp. 178, 180-81 (W.D. Va.

---

[1] There is no limit on the amount that can be garnished for unpaid state and federal taxes.
Va. Code Ann. § 34-29(b)(3).  The limit on support garnishments varies from 50% to 65%
depending on whether the person is supporting other spouses or children and whether the support
owed is more than 12 weeks in arrears.  Va. Code Ann. § 34-29(b1).

[2] The claimed exemption in *Meyer* was ultimately disallowed, however, because the
debtor withdrew the funds from the initial depository and placed them into another financial
institution.

1993), *aff'd sub nom. Nationsbank of North Carolina, N.A. v. Shumate*, 45 F.3d 427 (4th Cir. 1994), *cert. den.* 115 S.Ct. 2616 (1995) (holding that social security benefits commingled with other nonexempt funds in a bank account remain exempt if the funds are "reasonably traceable to social security income" on a first-in, first-out basis).

The debtor argues, in effect, that there is no fundamental difference between depositing wages in a bank account and depositing them with Uncle Sam, and that so long as the refund is derived from and can be traced to a debtor's wages, the § 34-29 exemption should apply to the refund. The court does not concur. The court notes, first, that no reported decision of a Virginia court, or of a federal court applying Virginia law, has ever applied § 34-29 to protect a tax refund. But more importantly, the language and structure of the statute are at odds with such an interpretation. What the statute protects is 75% of "disposable earnings," defined as "that portion of the earnings . . . *remaining due after the deduction* from those earnings *of any amounts required by law to be withheld*." Va. Code Ann. § 34-29(a)(1), (d)(2). Had the General Assembly intended the exemption to apply, not only to what was owed to the employee *after* "amounts required by law to be withheld," but also to a *refund* of those amounts, one would expect that intention to have been clearly expressed. Certainly, the General Assembly knew how to craft language protecting wages that had been "deposited" with an entity or individual. But in referring to withholdings, it did not use the term "deposited" but rather "withheld," which is a different concept—the former is for the convenience of the employer or employee or both, the latter is compelled by law and serves an entirely different function. Funds on deposit are available to the individual at any time, while funds withheld are security for an anticipated tax liability and may or may not revert to the taxpayer. For that reason, the court cannot find that the

5

General Assembly intended the exemption created by § 34-29 to extend to tax refunds, even when the refund can be traced to wages.

O R D E R

For the foregoing reasons, it is

**ORDERED:**

1.  The objection to the debtor's claimed exemption of 75% of her federal and state income tax refunds under § 34-29, Code of Virginia, is sustained, and the exemption is disallowed.  This order is without prejudice to the claimed exemption of 25% of the refunds under the Virginia homestead exemption, or to the debtor's right, if her homestead exemption has not been exhausted, to apply the remaining unused amount to the refunds.

2.  The clerk shall mail a copy of this order, or give electronic notice of its entry, to the parties listed below.

Date: _____          _____
                                                                      Stephen S. Mitchell
Alexandria, Virginia                                         United States Bankruptcy Judge

Copies to:

Richard A. Bartl, Esquire
Tyler, Bartl, Ramsdell & Counts, P.L.C.
300 N. Washington Street, Suite 202
Alexandria, VA  22314
Chapter 7 trustee

Robert B. Goodall, Esquire
Goodall & Pelt, P.C.
1259 Courthouse Road, Suite 101
Stafford, VA 22554
Counsel for the debtor

Debbie Lynn Rivenbark
519 Telegraph Road
Stafford, VA 22554
Debtor